

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00886-CR

The **STATE** of Texas,
Appellant

v.

Juan Orlando **GARCIA COMPEAN**,
Appellee

From the County Court, Kinney County, Texas
Trial Court No. 13930CR
Honorable Dennis Powell, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:        Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: November 22, 2023

AFFIRMED

The State appeals the trial court's order granting Juan Orlando Garcia Compean's requested habeas relief and dismissing his criminal case with prejudice. We affirm.

### BACKGROUND

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety ("DPS") to initiate Operation Lone Star ("OLS") and "devote additional law enforcement resources toward deterring illegal border crossing and protecting [] border communities." He further directed "DPS to use available resources to enforce all applicable federal and state laws to

prevent criminal activity along the border, including criminal trespassing, smuggling, and human trafficking, and to assist Texas counties in their efforts to address those criminal activities." As part of OLS, Garcia Compean, a noncitizen, was arrested for criminal trespass in Kinney County; he filed an application for writ of habeas corpus seeking dismissal of the criminal charge, arguing his rights had been violated under the Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3(a). Specifically, Garcia Compean argued the State's selective prosecution of men, and not similarly situated women, for criminal trespass as part of OLS violated his constitutional rights. The trial court granted the writ and set the matter for an evidentiary hearing.

At the hearing, the trial court heard the merits of Garcia Compean's pretrial habeas claim, along with twenty-one other cases, all filed on selective prosecution grounds. We described the evidence presented at this hearing in our recent opinion, *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682, at *1-4 (Tex. App.—San Antonio Nov. 15, 2023, no pet. h.), as both *Gomez* and the instant appeal were heard at the same time. After considering the evidence presented at the hearing, on December 20, 2022, the trial court granted Garcia Compean's requested relief, finding that he had presented a prima facie selective prosecution claim on the basis of equal protection:

> Specifically, the Court finds Applicant [Garcia Compean] is a man, and the evidence proves purposeful discrimination in this case. The Applicant was arrested and charged, but would not have been arrested if he were a woman; hence, he was treated differently from similarly situated women, based on sex. Hence, the Applicant is the target of selective enforcement based on the constitutionally protected class of sex, in violation of equal protection [as] guaranteed by the U.S. Constitution and the Texas Constitution. Accordingly, the defendant [Garcia Compean] made a prima facie case of sex discrimination. The policy of Operation Lone Star, as it now stands, has a discriminatory effect and is motivated by a discriminatory purpose.

The trial court then found the State had not met its burden of justifying the discriminatory treatment:

The State, in turn, failed to prove an adequate justification for the discrimination. There was no evidence that the discrimination based on sex served an important governmental objective, and naturally therefore, no evidence to establish that the discrimination was substantially related to achievement of important governmental objectives. Furthermore, the State failed to prove that the State has a compelling interest and there is no other manner to protect that compelling interest without systematically arresting only men for criminal trespass and releasing all women. The Court does not find the criminal trespass statute to be unconstitutional, but finds the application of that law under Operation Lone Star renders the prosecution under that statute to be unconstitutional as applied to this individual.

The Court does not find unconstitutional enforcement at the level of the local prosecutor's office. Prosecution of women is not being summarily declined by the County Attorney's office, but that office is limited to decisions of whether or not to prosecute the cases which the office receives, which are only cases involving accused males. Under the current system, the unconstitutional prosecution is fully implemented at the level of arrest of only male suspects.

However, ostensibly Kinney County could have eradicated the discriminatory intent of Operation Lone State by pulling out the county checkbook, and bearing the financial burden of arresting, housing, and prosecuting women, as the County surely does for other crimes. The State failed to produce evidence about the feasibility, or lack of feasibility, of that alternative. If the County had done so there is no reason to think the arresting officers could have been instructed to not only arrest men, but to also arrest women, when the probable cause existed to do so. But that has not happened.

The trial court "order[ed] the criminal prosecution against Applicant be dismissed with prejudice."

The State appealed.

## DISCUSSION

In its brief, the State argues the trial court erred in granting relief on Garcia Compean's selective prosecution equal protection claim for the following three reasons: (1) his pretrial habeas claim is not cognizable; (2) he did not present a prima facie case of selective prosecution on the basis of violation of his equal protection rights; and (3) the State met its burden of showing its policy passes "the strictest of scrutiny." These are the same arguments brought by the State in *Gomez*, 2023 WL 7552682, at *4. For the reasons enunciated in *Gomez*, we hold that Garcia Compean's pretrial habeas claim is cognizable and that he met his burden of showing a prima facie

claim for selective prosecution on the basis of gender discrimination. *See id*. at *4-5. Thus, the burden shifted to the State to justify its discriminatory conduct under both strict scrutiny (Garcia Compean's state claim) and intermediate scrutiny (Garcia Compean's federal claim). *See Ex parte Aparicio*, 672 S.W.3d 696, 716 (Tex. App.—San Antonio 2023, pet. granted). With regard to Garcia Compean's claim under the Texas Constitution's Equal Rights Amendment, the State had to show that its discriminatory classification is narrowly tailored to serve a compelling governmental interest. *Id.* With regard to his federal equal protection claim, the State had to show "that the classification serves 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982) (quoting *Wengler v. Druggists Mut. Ins. Co.*, 446 U.S. 142, 150 (1980)). For the reasons stated in *Gomez*, 2023 WL 7552682, at *5-6, we hold the trial court did not abuse its discretion in determining that the State had not met its burden under either strict or intermediate scrutiny. Therefore, we affirm the trial court's order granting Garcia Compean habeas relief and dismissing his criminal case with prejudice.

Liza A. Rodriguez, Justice

DO NOT PUBLISH